**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM RANDY JOHNSON, | : | |
| Inmate No. 1000646106, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-3156-WSD-JSA |
| DARREN GUNNELS, | : | |
|     Respondent. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Petitioner William Randy Johnson seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his convictions and sentences in the Spalding County Superior Court.[1]  The matter is before the Court on the petition [Doc. 1]; Respondent's motion to dismiss as untimely and/or for lack of exhaustion with

---

[1] The Court notes that the petition and response are extremely convoluted and confusing. From what the Court can discern, however, Petitioner also appears to challenge four other arrests and/or a probation revocation. Rule 2(e) of the Rules Governing § 2254 Cases ("Rule 2(e)") requires "[a] petitioner who seeks relief from judgments of more than one state court [to] file a separate petition covering the judgment or judgments of each court." It is not clear whether any of the challenged "arrests" resulted in convictions or whether Petitioner exhausted his state court remedies with regard to the arrests and/or probation revocation, and Petitioner has filed a civil rights action challenging all of these incidents, which is still pending in this Court. *See Johnson v. State of Ga., et al.*, Civil Action No. 1:13-cv-3155-WSD.  Thus, this Court will construe the petition as only challenging his 2011 Spalding County convictions. To the degree that Petitioner wishes to challenge any other judgments, he must do so by filing separate habeas petitions for each. *See* Rule 2(e).

accompanying brief and exhibits [Docs. 16, 17]; and Petitioner's response [Doc. 18].

I.    Procedural History

 On September 16, 2011 , Petitioner entered a negotiated guilty plea to one count of hit and run resulting in injury and one count of serious injury by vehicle, and was sentenced to a net total of six years of probation and eighty hours of community service.  (Doc. 17, Attach. 1 at 6).  Petitioner did not appeal his convictions and sentences.

Petitioner executed the instant federal petition challenging his September 16, 2011, convictions on September 23, 2013.  (Doc. 1).[2]  Respondent has filed a motion to dismiss the petition because it is untimely and/or Petitioner has failed to exhaust his state court remedies.  (Doc. 16).  Petitioner argues that the petition is, in fact, timely, because he only recently discovered that he could challenge the statute under which he was convicted as constitutionally vague.  (Doc. 18 at 14-15).  He further responds that exhaustion should be excused based on all of his

_____

[2] Petitioner also subsequently filed a state habeas petition in the Spalding County Superior Court; however, that petition appears to challenge the execution of his sentence after his probation was revoked, but does not appear to challenge the original convictions and sentences.  (*See generally*,  Doc. 17, Attach. 2).

2

alleged improper dealings with the State – including various state officers and possibly the state courts in apparently unrelated cases – which render the State's "process ineffective to protect" his rights.

For the following reasons, the undersigned **RECOMMENDS** that Respondent's motion to dismiss the petition [Doc. 16] be **GRANTED** and that this action be **DISMISSED**.

II.  Discussion

A.  The Petition Is Untimely.

Section 2244(d)(1) of Title 28, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), contains a one-year limitation period for all prisoners seeking to challenge, via 28 U.S.C. § 2254, the validity of a state court conviction.  The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

AO 72A
(Rev.8/82)

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* In this case, Petitioner was required to file his federal habeas corpus petition within one year of the date that he no longer had access to direct review of his convictions and sentences in state court. Petitioner, having been convicted and sentenced on September 16, 2011, had 30 days to file his appeal. *See* O.C.G.A. § 5-6-38(a). Having failed to file his appeal within the requisite time period, the one-year limitation period began to run on October 17, 2011, and, absent any tolling, expired one year later on October 17, 2012.[3]

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year limitation period. Even if Petitioner's state habeas petition in some way challenges

---

[3] Because October 16, 2011, fell on a Sunday, Petitioner had until the next business day, or until Monday, October 17, 2011, to file his notice of appeal. *See* Ga. Ct. App. Rule 3.

4

these convictions, the tolling provision embodied in § 2244(d)(2) does not apply to the February, 2014 filing of that petition since the limitation period had expired over one year earlier. *See Neal v. Secretary, Dep't of Corr.*, 271 F. App'x 893, 896 (11th Cir. 2008) ("'A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Petitioner signed this federal habeas petition on September 23, 2013, nearly one year after the limitation period expired. The instant petition, therefore, is untimely.

Petitioner, however, argues that only "through his most recent, personal research," did he discover that he could raise a claim that the statute under which he was convicted was constitutionally vague. To the degree that this Court could construe Petitioner's allegations as an argument that such discovery triggered the limitation period under § 2244(d)(1)(D), the "trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). *See also Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) ("We have interpreted § 2244(d)(1)(D)'s reference to the phrase 'factual predicate' to mean 'evidentiary

5

facts or events[,] and not court rulings or legal consequences of the facts.").  The fact that Petitioner "discovered" legal arguments, therefore, are simply irrelevant to when the limitation period began.  *See, e.g.*, *Esteen v. Cain*, No. 09-5450, 2010 WL 497764, at *2 n.24 (E.D. La. Feb. 5, 2010) (finding petitioner's argument that the statute under which he was convicted was unconstitutional was not based on newly discovered facts but a new legal argument, and "[t]he fact that petitioner may have been previously unaware of that legal argument is insufficient to trigger the provisions of § 2244(d)(1)(D)"); *see also Irons v. Estep*, No. 05-1412, 2006 WL 991106, at *2 (10th Cir. Apr. 17, 2006) (rejecting petitioner's argument that the limitation period did not begin to run until he discovered his legal arguments because he always had understood the factual predicate surrounding his guilty plea); *Board v. Bradshaw*, No. 1:12-CV-00637, 2014 WL 700026, at *3 (N.D. Ohio Feb. 21, 2014) (rejecting petitioner's argument that the limitation period should have started when he learned that he had an appeal right, since his "argument is without merit because it conflates his discovery of a legal right . . . with the discovery of the factual predicate of his claim."); *Golden v. Director, TDCJ-CID*, No. 6:11CV20, 2011 WL 2149541, at *3 (E.D. Tex. Apr. 27, 2011) (rejecting petitioner's argument that the limitation period should have begun upon

6

his receipt of a medical expert's opinion in support of his legal argument that he did not commit the crime because "he has not discovered any new *facts* in his case with which a claim could be supported.  Instead, he merely developed a possible new *legal argument* or *legal theory* as to the charge on which he was convicted that he could easily have uncovered within a year of his final judgment through the exercise of due diligence.") (emphasis in original); *Brice v. Dinwiddie*, No. Civ-08-642-C, 2009 WL 838141, at *4 (W.D. Okla. Mar. 26, 2009) (stating that a habeas petitioner's "discovery of a legal argument . . . did not trigger the application of § 2244(d)(1)(D).").   The instant petition, therefore, is time-barred.[4]         B .

The Petition is Unexhausted.

Petitioner also has failed to fully exhaust his state court remedies.  Pursuant to 28 U.S.C. § 2254(b)(1)(A), this Court cannot grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State."  A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any

---

[4] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, 560 U.S.631, 645 (2010), Petitioner does not present any extraordinary circumstances that would indicate that he seeks equitable tolling or that any such equitable tolling would apply.

available procedure, the question presented." 28 U.S.C. § 2254(c).  Before seeking federal habeas corpus relief, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).

Petitioner did not appeal or file a state habeas corpus petition challenging his 2011 convictions.[5]  Petitioner's claim that exhaustion should be excused because the State corrective process is ineffective to protect his rights is unavailing.  In order for a court to find state remedies ineffective, the petitioner must be able to show that there is an "absence of available corrective process" or "circumstances exist that render such process ineffective to protect" his rights, such as an inordinate delay by the state court in deciding his state court petition. *See* 28 U.S.C. § 2254(b)(1)(B); *see also Claudio v. Secretary, Florida Dep't of Corr.*, ___ F. App'x ___, 2014 WL 3036827, at *1 (11th Cir. July 7, 2014) (discussing when exhaustion could be excused).

---

[5] Even if his state habeas corpus petition could be construed as challenging these convictions, it is still pending in the Spalding County Superior Court, which would render it unexhausted.

8

Here, however, Petitioner cannot argue that there is an absence of available corrective process, as he clearly knows he can file a habeas petition in the state courts. Moreover, Petitioner never attempted to use the process he claims to be ineffective; rather, he merely bases his argument on how he allegedly has been treated by the various state officials and courts during his arrests and other unrelated cases. Accordingly, Petitioner has neither satisfied the exhaustion prerequisite to federal habeas review through one complete round of Georgia's appellate review process nor demonstrated that the process is ineffective. The instant petition, therefore, is unexhausted and should be dismissed. *See, e.g., Trimm v. Sheahan*, No. 9:14-CV-0905 (TJM/DEP), 2014 WL 3670723, at *1 (N.D. N.Y. July 23, 2014) ("There is no basis in the record to conclude that there is an absence of available state corrective process (*e.g.,* where there is no further state proceeding for the petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.*[,] where further pursuit would be futile). Petitioner has state court remedies available to him[.] . . . It is not futile to require him to complete exhaustion of his state court remedies prior to pursuing a federal habeas petition."); *Miller v. Pennsylvania*, No. 13-6862, 2014 WL 3401111, at *4 (E.D. Pa. July 10, 2014) (finding the petitioner did not

9

demonstrate that the state process was ineffective because "[t]here is no evidence that the state court has been or will be ineffective in reviewing Petitioner's claims."); *Taylor v. Coleman*, No. 5:13-CV-138 (MTT), 2014 WL 1159632, at *5 (M.D. Ga. Mar. 21, 2014) (finding the petitioner did not demonstrate that the available state process was ineffective because he never "made the requisite effort" to exhaust the available state corrective process or to demonstrate that such state process is ineffective).

III. <u>Conclusion</u>

**IT IS THEREFORE RECOMMENDED** Respondent's motion to dismiss the petition as untimely and/or as unexhausted [Doc. 16] be **GRANTED**, and that the instant action be **DISMISSED** as untimely and unexhausted.

IV. <u>Certificate of Appealability ("COA")</u>

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's

10

assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that the petition is untimely and unexhausted.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 31st day of July, 2014.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

11