**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WILLIAM RANDY JOHNSON,

            Petitioner,

v.

DARREN GUNNELS,

            Respondent.

1:13-cv-3156-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [19], and Petitioner William Randy Johnson's ("Petitioner") Objections [23] to the R&R. The R&R considers Petitioner's Petition for Writ of Habeas Corpus [1] ("Petition") and Respondent Darren Gunnels's ("Respondent") Motion to Dismiss [16]. The Magistrate Judge recommended, in his R&R, that Respondent's Motion to Dismiss be granted and the Petition be dismissed as untimely. The Magistrate Judge recommended that a Certificate of Appealability ("COA") not be issued.

**I.     BACKGROUND**

On September 16, 2011, Petitioner pleaded guilty to one count of hit and run resulting in injury and one count of serious injury by vehicle, and was sentenced to six years of probation. ([17-1] at 6). Petitioner did not file an appeal.

Two years later, on September 23, 2013, Petitioner filed his Petition pursuant to 28 U.S.C. § 2254. In February 2014, Petitioner initiated a state habeas petition in Spalding County Superior Court to challenge the execution of his sentence after his probation was revoked. On July 7, 2014, Respondent moved to dismiss the Petition as untimely, arguing that it was not filed within the one (1) year limitations period set forth in 28 U.S.C. § 2244(d), and for failure to exhaust Petitioner's state court remedies. On July 30, 2014, Petitioner filed his Response [18] to the Motion to Dismiss, asserting that his Petition was timely because he only recently discovered that he could challenge, as unconstitutionally vague, the statute under which he was convicted. (Response at 14-15).

On July 31, 2014, the Magistrate Judge recommended that the Petition be denied as untimely, because the one-year limitations period for Petitioner to file a § 2254 petition expired on October 17, 2012. (R&R at 3-5). Petitioner's time for filing did not toll because he did not seek state collateral review until February 2014, after his one-year limitations period had expired. (Id. at 4-5). The

Magistrate Judge also found that Petitioner had not exhausted his state court remedies. (Id. at 7-10). Having found that the untimeliness of the Petition and the Petitioner's failure to exhaust state court remedies were not debatable, the Magistrate Judge recommended that a COA not be issued. (Id. at 10-11).

On August 1, 2014, Petitioner filed an Amendment [22] to his Response to the Motion to Dismiss. On August 15, 2014, Petitioner filed his Objections to the R&R. In his Objections, Petitioner states that he obtained the requested relief regarding his probation from the Spalding County Superior Court, and that his Petition is now moot and can be dismissed. Petitioner does not object to or otherwise address the Magistrate Judge's findings or recommendations.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and

recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Analysis

Petition, in his Objections, states:

> Whereas the State has apparently resolved its differences with Petitioner, and the State Court has ordered that Petitioner no longer has any "significant restraints on [his] liberty", Petitioner no longer sees any prudence, or judicial economy, in burdening this Honorable Federal Court's case load with the Great Writ, as the State Court has apparently applied the United States Constitution's principles of Liberty to its Judgment.

(Objections at 3). It thus appears that the Petitioner has obtained the requested relief in his state court proceeding, and is seeking to dismiss his Petition as moot. Based on this apparent request, the Court dismisses the Petition as moot. The Petition, however, was docketed as an objection to the R&R, and, in an abundance of caution, the Court also chooses to consider the Magistrate Judge's findings and recommendations.

The Magistrate Judge, after a careful and thorough review of the record, recommended in his R&R that the Court grant Respondent's Motion to Dismiss, dismiss the Petition as untimely, and deny granting a COA. Because Petitioner did not object to the Magistrate Judge's finding that the Petition was untimely and

4

statutory tolling does not apply, the Court reviews these findings for plain error. See Slay, 714 F.2d at 1095.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to filing a habeas corpus action attacking a state conviction. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Magistrate Judge found that Petitioner had until October 17, 2011, thirty days after he was convicted and sentenced on September 16, 2011, to file his

appeal. (R&R at 4)(citing O.C.G.A. § 5-6-38(a). Petitioner did not file an appeal, and, as a result, Petitioner's conviction became final on October 17, 2011, and the one-year limitations period began to run on that date. See Pugh v. Smith, 465 F.3d 1295, 1298-99 (11th Cir. 2006); 28 U.S.C. § 2244(d)(1)(A). As a result, on October 17, 2012, the limitations period for Petitioner to seek federal habeas relief expired. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

In February 2014, Petitioner filed his state habeas corpus petition. The Magistrate Judge found that, as the limitations period had already expired, Petitioner's state habeas petition did not affect the statutory tolling calculation. See Webster v. Moore, 199 F.3d 1256, 1256 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In addition to statutory tolling, the AEDPA's limitations period is subject to equitable tolling, an "extraordinary remedy" which requires a petitioner to demonstrate both "(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), modified on other grounds, 459 F.3d 1310 (11th Cir. 2006). See also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner bears "the burden of establishing that equitable tolling [is] warranted."

6

See Pugh, 465 F.3d at 1300-01. The Magistrate Judge noted that Petitioner did not seek equitable tolling or present any extraordinary circumstances that indicate that he is entitled to equitable tolling. (R&R at 7, n.4).

On September 23, 2013, almost one year after the limitations period had expired, Petitioner filed his Petition. A review of the record clearly establishes that the Magistrate Judge correctly calculated the one-year limitations period and correctly determined that statutory tolling did not apply, and that Petitioner was not entitled to equitable tolling.[1] The Magistrate Judge also properly determined that the Petition was untimely. The Court finds no plain error in any of the Magistrate Judge's findings. See Slay, 714 F.2d at 1095.[2]

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied a habeas petition on procedural

---

[1] Petitioner asserts that "[t]hrough his more recent, personal research, Petitioner discovered that the State statute could be challenged for constitutionality on vagueness ground[s] . . . ." (Response at 15). The Magistrate Judge noted that this is not an adequate grounds to trigger the limitations period set forth in 28 U.S.C. § 2244(d)(1)(D). (R&R at 5-7). The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095; see also, e.g., Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012) ("§ 2244(d)(1)(D)'s reference to the phrase 'factual predicate' mean[s] evidentiary facts or events[,] and not court rulings or legal consequences of the facts.")(internal quotations omitted).

[2] The Court also finds no plain error in the Magistrate Judge's findings that Petitioner failed to exhaust his state court remedies prior to filing his Petition.

grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000).

The Magistrate Judge concluded that the decisive procedural issues, untimeliness and failure to exhaust state court remedies, were not debatable, and that no COA should be issued. The one-year limitations period expired prior to Petitioner's initiation of state habeas corpus proceedings, rendering statutory tolling inapplicable, and Petitioner is not entitled to the extraordinary remedy of equitable tolling. At the time Petitioner filed his Petition, he had failed to exhaust his state court remedies. The Court finds no plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petition [1] is **DISMISSED AS MOOT**.

**ALTERNATIVELY, IT IS HEREBY FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [19] is **ADOPTED** and Petitioner's Objections [23] to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Respondent's Motion to Dismiss [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 16th day of October, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

9